# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR07-0344-RSL |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| CLAY ROUECHE, | ) | |
| Defendant. | ) | |

Offense charged:   Conspiracy to Possess with Intent to Distribute and to Export Cocaine, Conspiracy to Import Marijuana; Conspiracy to Engage in Money Laundering

Date of Detention Hearing:   June 10, 2008

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

/ / /

DETENTION ORDER    15.13
18 U.S.C. § 3142(i)    Rev. 1/91
PAGE 1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant has been charged with a drug offense the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. §3142(e).

2. The government contends that defendant is the operational leader of the "UN Gang", alleged to be a drug dealing organization in British Columbia. The defendant contests this contention. The government proffers photographs of items seized during a search of the defendant's residence in which illegal firearms were found, together with items such as night vision goggles, balaclava, handcuffs, pepper spray, photographs of an individual alleged to be a rival gang member and a significant quantity of what is alleged to be cocaine. The government proffers the seizure during a previous search of the defendant's vehicle of other illegal weapons and similar photographs found in a hidden compartment.

3. The government also proffers a transcript of an intercepted phone call between the defendant and his girlfriend in which he indicates that he cannot travel to the United States because he would be put in jail for 20 years. This evidence raises the inference of a risk of nonappearance if the defendant were to be allowed to return to Canada. The defendant has also a history of extensive international travel in the last few years. He is a Canadian citizen. An immigration detainer has been filed by the Bureau of Immigration and Customs Enforcement.

4. The defendant reports employment with his father's scrap metal business, but the government contends the defendant has no source of legitimate employment or income and questions the existence or viability of the scrap metal company.

5. Taken as a whole, the record does not effectively rebut the presumption that no

condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of June, 2008.

Mary Alice Theiler
United States Magistrate Judge