UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CLAYTON ROUECHE,

    Defendant.

NO. CR07-344RSL

ORDER DENYING MOTION FOR DISCLOSURE

This matter comes before the Court on defendant's "Motion for Disclosure of All Information Relating to Clayton Roueche," Dkt. #301. On April 28, 2009, defendant pleaded guilty to conspiracies to export cocaine, import marijuana and engage in money laundering. Dkt. #257. On June 16, 2009, the Court authorized defendant's transfer from the Federal Detention Center in SeaTac, Washington to the United States Penitentiary in Marion, Illinois pending sentencing,[1] noting that defendant "poses security and safety risks to the orderly running" of the SeaTac facility. Dkt. #303. The basis for defendant's transfer was confidential information provided to the Court by the Bureau of Prisons ("BOP"). Neither the government prosecutors nor defense counsel has been privy to the BOP documents presented to the Court. Defendant is "concerned that some of this information could impact the sentencing proceeding in this case." Dkt. #301 at 2, and therefore seeks "disclosure of all information that has been presented to the

---

[1] Defendant's sentencing was originally scheduled for September 18, 2009, but has been reset for November 5, 2009. Dkt. #314.

ORDER DENYING MOTION FOR
DISCLOSURE - 1

Court relating to his case and his custody status," id. at 2-3. The Court has held two in-chambers conferences to discuss the matter with the government attorneys and defense counsel, Dkt. ## 304, 314; BOP counsel was also in attendance at the second conference. For the reasons set forth below, the Court denies defendant's motion for disclosure.

Defendant relies upon Gardner v. Florida, 430 U.S. 349 (1977), in which the Supreme Court held that a defendant's due process rights were violated when his sentence was imposed based in part on information contained in a pre-sentence report which was not revealed to defendant or defense counsel, id. at 362. However, Gardner was a capital case, and the Supreme Court made clear that a death sentence greatly skews the balance of competing interests. See id. at 359. The Supreme Court noted that "death is a different kind of punishment from any other which may be imposed in this country," id. at 357, and "recognize[d] the importance of giving counsel an opportunity to comment on facts which may influence the sentencing decision in capital cases," id. at 360. Gardner's holding, therefore, is limited to the capital context and does not govern the Court's decision in the present case.

Defendant also relies upon a line of Ninth Circuit cases holding that "[i]t is improper for the prosecution to make, or for the court to receive from the prosecution, an *ex parte* communication bearing on the sentence," United States v. Mikaelian, 168 F.3d 380, 386 (9th Cir. 1999) (quoting United States v. Alverson, 666 F.2d 341, 349 (9th Cir. 1982)); see also United States v. Reese, 775 F.2d 1066, 1076 (9th Cir. 1985); United States v. Wolfson, 634 F.2d 1217, 1221 (9th Cir. 1980). But because the documents at issue were submitted by BOP and have not been disclosed to the government, they are not *ex parte* communications from the prosecution. The Ninth Circuit has distinguished sentencing material "which provides a neutral, third party analysis of the defendant's background and his prospects for rehabilitation" from material prepared by the prosecutor, "an obviously interested party," and submitted *ex parte* to the court. Reese, 775 F.2d at 1077; see also Wolfson, 634 F.2d at 1222 ("[N]ot only is it a gross breach of the appearance of justice when the defendant's principal adversary is given private

access to the ear of the court, it is a dangerous procedure. However impartial a prosecutor may mean to be, he is an advocate, accustomed to stating only one side of the case.") (quoting Haller v. Robbins, 409 F.2d 857, 859 (1st Cir. 1969)) (alteration in original). BOP is not a party in this case. Its interest is in the safety and security of the federal prison system and its inmates, not the sentence imposed by the Court in a single defendant's case. Even if the government has been made aware of some of the information contained in the BOP documents through informal means, see Dkt. #306 at 3, these documents cannot be considered improper *ex parte* communications from the prosecution.[2] The information presented to the Court was not evidence and argumentation provided by an advocate but rather background information on prison security threats provided by a third party.

Moreover, at the most recent in-chambers conference, both the government and the Court disclaimed any intention of relying on any information relating to defendant's transfer during the sentencing proceeding. Cf. United States v. Perri, 513 F.2d 572, 574 (9th Cir. 1975) (vacating a defendant's sentence where the district court "made it abundantly clear that the confidential report was the basis for imposing the maximum sentence"). Defendant cites Reese in contending that "it does not matter whether the sentencing decision was made in conscious or unconscious reliance on the extra-record information." Dkt. #301 at 4. Reese "acknowledge[d] the ability of a district court to limit its sentencing considerations to discrete bodies of information," 775 F.2d at 1078, but found that the judge's conflicting statements regarding how much he relied upon the confidential information, along with the "substantial similarity between the information contained in the *ex parte* submission and the conduct for which Reese was convicted[,] raise[d] a serious question concerning the possibility of reliance, conscious or otherwise, on the *ex parte*

---

[2] In light of defense counsel's concern, however, that the government has been privy to the general subject matter of the BOP records, the Court will disclose to defense counsel a redacted version of the "Recommendation for Transfer to Another BOP Facility" regarding defendant provided to Warden Palmquist. This document is intended for defense counsel alone. The Court is not releasing it to the prosecution as the government has already indicated that it does not intend to rely on this information at sentencing.

ORDER DENYING MOTION FOR
DISCLOSURE - 3

1 submission," id. Here, defendant has pleaded guilty to drug trafficking and money laundering;
2 the conduct for which he will be sentenced bears little resemblance to the conduct motivating
3 BOP's security concerns and transfer request. More importantly, the Court has consistently
4 made clear that it will not rely upon the BOP information in determining defendant's sentence.
5 The Court recognizes that BOP often must act on suspicion and rumor in maintaining prison
6 security; the Court acts only on evidence and legal argument regarding the crimes for which
7 defendant was convicted in determining a sentence. Therefore, while disclosure is inappropriate
8 in light of the ongoing investigations, see Wolfson, 634 F.2d at 1222 (citing United States v.
9 Dubrofsky, 581 F.2d 208, 214-15 (9th Cir. 1978)), and the serious safety issues posed if the
10 information fell into the wrong hands, see Dkt. #305 at 2, the Court will disregard the
11 information provided by BOP when sentencing defendant. See Perri, 513 F.2d at 575 ("The
12 district judge will disclose the basis and the nature of the adverse information to which exception
13 was taken or will disregard it.").

For all of the foregoing reasons, defendant's motion for disclosure (Dkt. #301) is DENIED.

DATED this 30th day of September, 2009.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR DISCLOSURE - 4