| | |
|---|---|
| | Chief Judge Lasnik |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CLAY ROUECHE,<br><br>        Defendant. | NO. CR07-0344 RSL<br><br>GOVERNMENT'S UNOPPOSED MOTION FOR A LIMITED PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR: November 5, 2009 |

**A.  Introduction**

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Roger S. Rogoff and Susan M. Roe, Assistant United States Attorneys, submits this unopposed motion for a limited protective order.

The government is submitting declarations and affidavits from cooperating defendants as one small section of its sentencing recommendation. The government moves the Court, and the defense does not oppose the motion, to order that these few documents be disclosed only to the defendant, defense counsel, and others to whom disclosure may be necessary to assist with the preparation of the defense. This request is based on safety concerns for the declarants and affiants.

//

//

GOVERNMENT'S MOTION FOR A PROTECTIVE
ORDER/ROUECHE – Page 1
CR07-344RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**B.     Protective Order Request**

This request applies only to the two Affidavits, two Declarations and one Grand Jury transcript, all of which are statements of people with personal knowledge of the defendant's conduct and the criminal conduct of other members of the UN Gang.

The government requests an order from this Court requiring that no one, including defense counsel, reproduce or disseminate copies of the above-noted sensitive material to the defendant, his family or others. The government understands that defense counsel must review the information with the defendant and this Motion is not intended to chill the defendant's right.

The government further requests that the defendant, defense counsel, and others to whom disclosure may be necessary to assist with the preparation of the defense, be directed not to disclose the contents of these sealed documents other than as necessary for the preparation and presentation of their defense at sentencing or in other subsequent proceedings, appellate or otherwise. The government believes the health and safety of the confidential informants and the cooperators will be put in jeopardy if the contents of the sealed documents and the other information disclosed to the defendant become widely known. The government has contacted defense counsel regarding this motion, and defense counsel has no objection to the government's request.

Courts have recognized a common law right of the Public to access Court records in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), as a right "to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. However, this common law right of access is not without limits and the "right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files." *Id.* at 598. The *Nixon* Court approvingly noted that "access has been denied where court files might have become a vehicle for improper purposes..." *Id.* at 598. The Supreme Court directs courts to consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* at 602.

GOVERNMENT'S MOTION FOR A PROTECTIVE
ORDER/ROUECHE – Page 2
CR07-344RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Accord, *In re Motions of Dow Jones & Co.*, 142 F.3d 496 (D.C. Cir.), in which the court held that the common law right of access was not absolute and did not cover "documents which have traditionally been kept secret for important policy reasons." Those reasons may include refusal in effort to insure protection of minor victims, *Globe Newspaper v. Superior Court*, 457 U.S. 596 (1982), and refusal in order to protect an ongoing criminal investigation. *Times-Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1988).

Since courts have found that the qualified right to access plea agreements may be overcome by private parties' interests, this Court should examine the interest. The "need to protect individual privacy rights may, in some circumstances, rise to the level of a substantial governmental interest and defeat the First Amendment right of access claims. *In re McClatchy Newpapers, Inc. v. United States*, 288 F.2d 369, 374 (9th Cir. 2002). Additionally, a compelling interest may be "a criminal defendant's interest in safety." *Oregonian Publishing Co. v. United States*, 920 F.2d 1462, 1465 (9th Cir. 1990). And, pursuant to well-established term precedent, the protection of an ongoing criminal investigation is a sufficiently compelling interest. *Times-Mirror Co., supra.* The preservation of grand jury secrecy and the sensitivity of an ongoing criminal investigation were "higher values" justifying sealing. *United States v. Haller*, 837 F.2d 84 (2nd Cir. 1988), citing *Press-Enterprise II,* 478 U.S. 13-14 (1986).

To seal or restrict access to a pleading which is usually open, the Court must find that (1) closure serves a compelling interest—which may be a defendant's safety concern, protection of an ongoing criminal investigation, a grand jury matter or a significant privacy issue; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian* at 1466, citing *Press-Enterprise II, supra*.

GOVERNMENT'S MOTION FOR A PROTECTIVE
ORDER/ROUECHE – Page 3
CR07-344RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**C. Conclusion**

Based on the very real concern about the safety of the informants and cooperators, in light of the ongoing gang violence and previously-voiced threats, as well as the law as noted above, the government respectfully requests that this Court order that defense counsel not reproduce or disseminate five documents contained in the government's sentencing packet, that is, two Affidavits, two Declarations and one Grand Jury transcript.

The government further requests that the defendant, defense counsel, and others to whom disclosure may be necessary to assist with the preparation of the defense, be directed not to disclose the existence or contents of the sealed documents other than as necessary for the preparation and presentation of their defense at trial and in subsequent appellate proceedings, if necessary.

DATED this 27th day of October, 2009.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/ Susan M. Roe*
SUSAN M. ROE
Assistant United States Attorney
WSBA #13000
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-1077
Fax: (206) 553-4440
E-mail: Susan.Roe@usdoj.gov


*s/ Roger S. Rogoff*
ROGER S. ROGOFF
Assistant United States Attorney
WSBA #23362
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-4330
Fax: (206) 553-4440
E-mail: Roger.Rogoff@usdoj.gov

GOVERNMENT'S MOTION FOR A PROTECTIVE
ORDER/ROUECHE – Page 4
CR07-344RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I hereby certify that on October 27, 2009 I electronically filed the foregoing with |
| 3 | the Clerk of the Court using the CM/ECF system which will send notification of such |
| 4 | filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served |
| 5 | the attorney(s) of record for the defendant(s) that are non CM/ECF participants via |
| 6 | telefax. |

*s/Lindsay Erickson*
LINDSAY ERICKSON
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4377
Fax:   (206) 553-4440
E-mail: Lindsay.Erickson@usdoj.gov

GOVERNMENT'S MOTION FOR A PROTECTIVE
ORDER/ROUECHE – Page 5
CR07-344RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970