UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON ROUECHE,<br><br>Defendant. | Case No. 2:07-CR-344-RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO REDUCE SENTENCE |

This matter comes before the Court on defendant Clayton Roueche's motion to reduce sentence. Dkt. #407.

## **BACKGROUND**

On April 28, 2009, Mr. Roueche pleaded guilty to three counts of Conspiracy to Export Cocaine, Conspiracy to Export Marijuana and Conspiracy to Engage in Money Laundering. Dkt. #257 at 5–6. Under the United States Sentencing Guidelines ("the Guidelines"), he had a base offense level of 38. Dkt. #333 at 7; Dkt. #339 at 9; see U.S.S.G. § 2D1.1(c) (2009). This was subject to a two-level enhancement because the drugs were smuggled across the border using non-commercial aircraft, see U.S.S.G. § 2D1.1(b)(3), and a four-level enhancement because of his leadership role, see U.S.S.G. § 3B1.1(a). Dkt. #333 at 7; Dkt. #339 at 9. The government also proposed two-level enhancements for possession of a dangerous weapon, see U.S.S.G. § 2D1.1(b)(1), and for his conviction for conspiracy to violate 18 U.S.C. § 1956(h), see U.S.S.G. §

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO REDUCE SENTENCE - 1

2S1.1(b)(2)(B), to which Mr. Roueche objected. Dkt. #339 at 10; Dkt. #333 at 7. Finally, he received a three-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1.

The Court applied a total offense level of 41 with a criminal history category of I, resulting in a Guidelines range of 324–405 months. Dkt. #371 at 37–38. Mr. Roueche was sentenced to 360 months on December 16, 2009. Dkt. #353. He appealed on December 21, 2009. Dkt. #354. The Court of Appeals for the Ninth Circuit remanded the case for resentencing, directing the Court to "identify and rule on all specific factual objections that relate to the length of [Mr.] Roueche's sentence or make express its disavowal of the information." Dkt. #380. Mr. Roueche was resentenced to 360 months on February 15, 2011. Dkt. #388.

## **DISCUSSION**

"In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c).

Sentence modification under § 3582 is a two-step process. First, the Court must determine if the reduction is consistent with U.S.S.G. § 1B1.10. Dillon v. United States, 560 U.S. 817, 826 (2010). It begins by "'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. (quoting U.S.S.G. § 1B1.10(b)(1)). The Court "generally may 'not reduce the defendant's term of imprisonment … to a term that is less than the minimum of the amended guideline range' produced by the substitution." Id. (quoting U.S.S.G. § 1B1.10(b)(2)(A)). Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 827. The Court must "consider the nature and seriousness of the danger to any person or the community that may be

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO REDUCE SENTENCE - 2

posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n.1(B). The Court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." Id.

Amendment 782 to the Guidelines reduced the base offense levels by two levels for most drug quantities. See U.S.S.G. § 2D1.1. Those changes are retroactively applied, resulting in a reduction in Mr. Roueche's base offense level from 38 to 36. See U.S.S.G. § 1B1.10. This in turn reduces his Guidelines range to 262–324 months. As the government concedes, Mr. Roueche is eligible for the reduction. Dkt. #410 at 6.

Mr. Roueche's offenses were extremely serious. Dkt. #410 at 7–8; see 18 U.S.C. § 3553. As the Court observed at his first sentencing hearing, "[t]he massive amounts of drugs, the highly sophisticated means of transportation, the huge amounts of money, and the pervasive presence of weapons all argue[d] for a lengthy sentence," especially given Mr. Roueche's leadership role in the UN gang. Dkt. #371 at 38–39. "In such a case, it [was] essential for [the C]ourt to fashion a sentence that reflect[ed] the seriousness of these crimes[,] that [] provide[d] just and proportionate punishment, and that [] promote[d] respect [for] the laws of the United States." Id. "It [was] also important to protect the people of America[] and Canada from further crimes of this individual, and to deter others who might be determined to pick up the mantle and take the place of Mr. Roueche at the top of the criminal organization." Id.

However, his conduct in prison has been exemplary. The Unit Manager and Reentry Program Coordinator at the Federal Correctional Institution, Coleman ("FCI Coleman") stated in a letter that Mr. Roueche has successfully acclimated to "The Bridge to Reentry" residential program, has "applied himself extensively to the many educational and rehabilitation programs offered at [FCI Coleman]," and is on his way to "becoming a positive contributing member of society." Ex. A, Dkt. #407 at 11–12. The Court is pleased to note that Mr. Roueche has committed only one infraction while incarcerated, described as a minor assault. Dkt. #410 at 8. His Progress Report indicates that he has gained employable skills and receives good work evaluations. Id. at 13. He has also taken over 50 Education Courses. Id. at 14–15; see Ex. B,

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO REDUCE SENTENCE - 3

Dkt. #407 at 18–25. Letters from his family members and friends indicate that he has a support system in place. Ex. C, Dkt. #407 at 27–35. The Court accordingly finds that a reduction in his sentence to approximately the midpoint of the new range at 288 months (24 years) is warranted. <u>United States v. Zavala-Cervantez</u>, No. 2:06-CR-00016-RHW, 2015 WL 13665040, at *3 (E.D. Wash. Dec. 10, 2015) (imposing a reduced sentence at the lower end of the new Guidelines range based in part on the defendant's good behavior while incarcerated).

      For all the foregoing reasons, the Court hereby GRANTS IN PART Mr. Roueche's motion. The United States Attorney's Office is hereby DIRECTED to submit an amended judgment that reflects this ruling.

      DATED this 23rd day of April, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge