1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>CLAYTON ROUECHE,<br><br>          Defendant. | Case No. CR07-344RSL<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE |

15   This matter comes before the Court on defendant's *pro se* motion for compassionate

16 release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. # 436). Having considered the motion and

17 the record contained herein, the Court finds as follows:

18   **I.    Background**

19   Defendant is a 47-year-old inmate currently incarcerated at Federal Correctional

20 Institution Edgefield ("FCI Edgefield"). Dkt. # 436 at 6; see Inmate Locator,

21 www.bop.gov/inmateloc (accessed Oct. 27, 2022). On April 28, 2009, defendant pled guilty to

22 three offenses: conspiracy to export cocaine in violation of 21 U.S.C. §§ 953, 960(a)(1),

23 (b)(1)(B), and 846; conspiracy to import marijuana in violation of 21 U.S.C. §§ 953, 960(a)(1),

24 (b)(1)(G), and 963; and conspiracy to engage in money laundering in violation of 18 U.S.C. §

25 1956(h). Dkt. # 257.

26   On December 16, 2009, the Court sentenced defendant to a 360-month prison term and

27 five years of supervised release. Dkt. # 353. On January 10, 2019, defendant filed a motion

28 seeking a reduction in his sentence based on amendments to the United States Sentencing

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 1

Guidelines. Dkt. # 407. On April 23, 2019, the Court granted defendant's motion and reduced defendant's sentence to 288 months, a sentence in the middle of the new Guidelines range. Dkt. # 414. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on November 24, 2028. Dkt. # 436 at 2.

This is defendant's second motion for compassionate release. Defendant's first motion sought release primarily on the basis that he needed to care for his mother and evidence of his post-sentence rehabilitation. Dkt. # 425. The Court denied defendant's first motion for compassionate release on July 2, 2021. Dkt. # 432.

## II.    Legal Framework

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided an exception to that rule, known as compassionate release, which allows the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c); see also United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021); United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). The First Step Act of 2018 amended the procedural requirements governing compassionate release. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. Now, under the First Step Act, defendants are permitted to directly petition the Court for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>   (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 2

1
2

of the original term of imprisonment), after considering the
factors set forth in section 3553(a) to the extent that they are
applicable, if it finds that—

3
4

(i) extraordinary and compelling reasons warrant such
a reduction; . . .

5

(ii) . . .

6
7

and that such a reduction is consistent with the
applicable policy statements issued by the Sentencing
Commission[.]

8    Before passing the First Step Act, Congress directed the Sentencing Commission to

9   promulgate a policy statement defining "extraordinary and compelling reasons" in the

10  compassionate release context. See 28 U.S.C. § 994(t). In doing so, Congress instructed that

11  "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling

12  reason." Id. The Sentencing Commission implemented this directive from Congress with a

13  policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

14
15

**Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)
(Policy Statement)**

16
17
18
19

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C.
§ 3582(c)(1)(A), the court may reduce a term of imprisonment (and may
impose a term of supervised release with or without conditions that does
not exceed the unserved portion of the original term of imprisonment) if,
after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent
they are applicable, the court determines that—

20
21

(1)(A) Extraordinary and compelling reasons warrant the reduction;
. . .

22
23

(2) The defendant is not a danger to the safety of any other person or
to the community, as provided in 18 U.S.C. § 3142(g); and

24

(3) The reduction is consistent with this policy statement.

25

**Commentary**

**Application Notes:**

26
27

1.  **Extraordinary and Compelling Reasons.**—Provided the
defendant meets the requirements of subdivision (2),

28

extraordinary and compelling reasons exist under any of the circumstances set forth below:

. . . .

(C) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment.  Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

. . . .

U.S.S.G. § 1B1.13. The Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." Aruda, 993 F.3d at 798, 802. The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but it is not binding. Id.

### III.    Defendant's Characteristics

In deciding whether to grant defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1), the Court considers: (A) whether defendant has met the statutory exhaustion requirement for compassionate release, (B) whether "extraordinary and compelling reasons warrant such a reduction," and (C) the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. See Keller, 2 F.4th at 1283-84 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

### A.  Exhaustion Requirement

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 4

1    The Court first determines whether defendant has met the statutory exhaustion

2    requirement. Where, as here, the Director of the BOP has not filed the motion on defendant's

3    behalf, the Court may only consider the motion if defendant has requested that the BOP make

4    such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a

5    failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) 30 days have elapsed

6    since the "warden of the defendant's facility" received a compassionate-release request from

7    defendant. Keller, 2 F.4th at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)). The parties agree that

8    defendant has satisfied the exhaustion requirement. See Dkts. # 436-1 at 6; # 442 at 6 n.3. The

9    Court therefore considers the merits of defendant's motion for compassionate release.

10    **B. "Extraordinary and Compelling" Circumstances**

11    The Court next considers whether "extraordinary and compelling reasons warrant such a

12    reduction" in defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). Here, defendant's

13    main contention is that changes in federal law constitute extraordinary and compelling reasons

14    justifying his release. Specifically, defendant argues that some amount of the marijuana he pled

15    guilty to conspiring to import was actually hemp. Dkt # 436-1 at 2. Because hemp is no longer

16    recognized as controlled substance under the federal Controlled Substances Act,[1] defendant

17    argues that the quantity of marijuana he was charged with conspiring to import would be

18    significantly decreased under current law. Id. This is relevant because under the Federal

19    Sentencing Guidelines, the quantity of drugs involved in an offense directly affects a

20    defendant's base offense level, and thus the appropriate Guidelines range. Defendant concludes

21    that because he was charged before this change in the law, he was "punished with a much longer

22    sentence" than he would have received if sentenced today. Id. Petitioner also argues that recent

23    trends towards reducing sentences for marijuana-related offenses and evidence of his successful

24    rehabilitation further support his claim. Id. at 2-3.

25

26    [1] As defendant correctly notes, the Agriculture Improvement Act of 2018 ("2018 Farm Bill") amended
the Controlled Substances Act to remove hemp and hemp-derived products from the definition of
27    marijuana. Pub. L. No. 115-334, § 12619, 132 Stat. 4490, 5018; see also 7 U.S.C. § 1639o(1); 21 U.S.C.
§ 802(16)(B)(i).
28

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 5

**1.  Defendant's Guidelines Range Is Unaffected by the Change in Law**

Defendant's argument that his sentence would have been different were he sentenced today is unavailing. As a foundational matter, defendant has provided no evidence to support his contention that some of the marijuana involved in his offense would now be considered hemp. See United States v. Wright, 46 F.4th 938, 951 (9th Cir. 2022) (confirming that defendants bear the burden of proof to establish "eligibility for compassionate release"). However, even if evidence was available, a review of the sentencing record shows that it would not alter defendant's sentence in this case. Indeed, even if *all* the marijuana defendant pled guilty to importing was categorized as "hemp," defendant's sentencing range would be unchanged.

Defendant pleaded guilty to three substantive offenses – conspiracy to export cocaine, conspiracy to import marijuana, and conspiracy to engage in money laundering. Dkt. # 257. Under U.S.S.G. § 3D1.2, all three counts were grouped together as they were "connected by a common criminal objective or constitut[ed] part of a common scheme." PSR ¶ 84. Pursuant to U.S.S.G. § 3D1.3, the offense guideline that produced the highest offense level – here, money laundering – was applied. PSR ¶ 85. The money laundering guideline, U.S.S.G. § 2S1.1, states that the proper base offense level is that of the underlying offense from which the laundered funds were derived. PSR ¶ 86. Here, because the funds were derived from conspiracies to import marijuana and export cocaine, those offenses served as the basis for the offense level. Id.

When combining different controlled substances to obtain a single offense level, the 2009 Sentencing Guidelines Manual instructed users to "convert each of the drugs to its marihuana equivalent, add the quantities, and look up the total in the Drug Quantity Table to obtain the combined offense level." U.S. SENT'G GUIDELINES MANUAL § 2D1.1 cmt. n.10(B) (U.S. SENT'G COMM'N 2009). Under the conversion tables, one gram of cocaine was equivalent to 200 grams of marijuana. Id. at cmt. n.10(E). Thus, the 418.78 kilograms of cocaine Mr. Roueche pleaded guilty to exporting was equivalent to 83,756 kilograms of marijuana. PSR ¶ 86. To reach offense level 38 (Mr. Roueche's base offense level), the underlying offense need only have involved 30,000 kilograms or more of marijuana. Id. Thus, even if *none* of the marijuana defendant pleaded guilty to importing had been considered during sentencing, defendant's Guideline

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 6

1  calculation would have remained the same. Stated differently, the amount of marijuana

2  defendant pled guilty to conspiring to import had no impact on his Guidelines calculation.

3  Significantly, even if the 2021 edition of the Sentencing Guidelines Manual was used, the

4  Guideline calculation would be the same.[2]

5  **2.  Cases Cited by Defendant Have No Bearing on His Sentence**

6  Defendant also argues that changing attitudes towards sentencing for marijuana-related

7  offenses further supports his motion for compassionate release. Dkt. # 436-1 at 2-3. He cites to a

8  number of cases dealing with marijuana sentencing issues, noting that "lengthy marijuana

9  sentences are not supported by congress, courts, or the community." Id. at 3. However, these

10 cases have no application to defendant's sentence.

11 The cases cited by defendant discuss the sentencing enhancement in U.S.S.G. § 2K2.1,

12 which increases the base offense level for a crime if, among other things, the defendant has at

13 least one prior conviction for a "controlled substances offense." See United States v. Bautista,

14 989 F.3d 698 (9th Cir. 2021); United States v. House 31 F.4th 745 (9th Cir. 2022). Specifically,

15 these cases address the issue of whether a prior conviction under a state law that included

16 "hemp" in its definition of marijuana could qualify as a "controlled substance offense" under the

17 Federal Sentencing Guidelines, given that hemp is no longer listed in the federal Controlled

18 Substances Act. Bautista, 989 F.3d at 701; House, 31 F.4th at 751-53.

19 To determine whether a prior state conviction is a controlled substance offense for

20 purposes of the Sentencing Guidelines, federal courts employ the categorical approach set forth

21

22 _____

[2] The 2021 Guidelines use "Converted Drug Weight" rather than marijuana equivalencies to determine

23 the offense level for an offense involving different controlled substances. U.S. SENT'G GUIDELINES

24 MANUAL § 2D1.1 cmt. n.8(B) (U.S. SENT'G COMM'N 2021). However, even using the "Converted Drug

Weight" calculation rather than the marijuana equivalency, the amount of cocaine defendant pled guilty

25 to conspiring to export alone establishes an offense level of 36. See id. at (c). While this is two points

lower than defendant's original offense level, this is because a 2014 amendment to the Guidelines

26 reduced the base offense levels by two levels for most drug quantities. See U.S. SENT'G GUIDELINES

27 MANUAL supp. app'x. C, amend. 782 (U.S. SENT'G COMM'N 2014). Notably, defendant has already

received the retroactive benefit of this amendment and his sentenced was reduced accordingly. See Dkt.

28 # 414.

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 7

1 in <u>Taylor v. United States</u>, 495 U.S. 575 (1990).  <u>United States v. Brown</u>, 879 F.3d 1043, 1046
2 (9th Cir. 2018). Under the categorical approach, courts are concerned only with the fact of
3 conviction and the statutory definition of the underlying offense. <u>Id.</u> Using the categorical
4 approach, the Ninth Circuit has concluded that a state drug statute is "categorically overbroad if
5 it includes substances other than those listed in the federal [Controlled Substances Act]."
6 <u>Bautista</u>, 989 F.3d at 704. Because hemp is no longer listed in the Act, a conviction under a state
7 law that encompassed hemp could not qualify as a "controlled substance offense" for the
8 recidivist sentencing enhancement. <u>Id.</u> at 704-05.

9       While courts have considered this change in federal law when deciding motions for
10 compassionate release, <u>see, e.g.</u>, <u>United States v. Parke</u>, No. CR08-24-BMM, 2021 WL 4485332
11 (D. Mon. Sept. 30, 2021), this change is not relevant to Mr. Roueche, who was not subject to an
12 enhancement under U.S.S.G. § 2K2.1. Accordingly, the change in federal law does not
13 constitute "extraordinary and compelling circumstances" in his case.

14       **3. Defendant Already Received a Sentence Reduction Pursuant to
15          Amendment 782**

16       Defendant also cites to Amendment 782 to the Guidelines, which reduced the base
17 offense levels by two levels for most drug quantities. <u>See</u> U.S.S.G. § 2D1.1. Notably, defendant
18 has already benefitted from the passage of Amendment 782. Dkt. # 414. In 2019, Mr. Roueche
19 filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence based on
20 Amendment 782. Dkt. # 407. This Court recognized that the Amendment, retroactively applied,
21 resulted in a reduction in Mr. Roueche's base offense level from 38 to 36, which in turn reduced
22 his Guidelines range to 262–324 months. Dkt. # 414. In light of this change and the relevant
23 § 3553(a) factors, this Court reduced Mr. Roueche's sentence by 72 months and sentenced him
24 to 288 months, a sentence in the middle of the new Guidelines range. <u>Id.</u>

25       Post-sentencing developments in sentencing law may be considered when determining
26 whether a defendant has shown "extraordinary and compelling circumstances" justifying
27 compassionate release. <u>See</u> <u>United States v. Chen</u>, 48 F.4th 1092 (9th Cir. 2022). Here, however,
28 the changes in the Controlled Substances Act and the corresponding shifts in sentencing law

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 8

identified by the defendant have no bearing on his sentence. The only relevant change identified by defendant – Amendment 782 – has already been considered by this Court and was in fact the basis for defendant's 72-month sentence reduction. Thus, defendant has failed to show that changes in sentencing law constitute "extraordinary and compelling circumstances" justifying compassionate release.

### 4. Rehabilitation Alone Is Insufficient

Defendant also argues that "extraordinary and compelling circumstances" are established by his successful rehabilitation and the minimal threat he poses to the community if released. Dkt. # 436-1 at 3. Specifically, defendant points to (1) his low recidivism score; (2) the numerous programs offered by BOP facilities in which he has participated; (3) his exemplary prison conduct; and (4) the "detailed" reentry plan he has provided. Id. While the Court commends Mr. Rouche's efforts, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

### C. § 3553(a) Factors

Having determined that defendant has not made the requisite showing of extraordinary and compelling reasons for compassionate release, the Court need not analyze whether a reduction in defendant's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

### IV.   Conclusion

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 436) is DENIED.

IT IS SO ORDERED.

DATED this 4 day of November, 2022.

*Mrk S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE - 9